IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNNE C. RENFRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV- 2574-L |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant/Third Party Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Summary Judgment, filed September 2, 2005.

After careful consideration of the motion, response, briefs, reply, appendices, record, and applicable

law, the court **denies** Plaintiff's Motion for Final Summary Judgment.

## I.  Procedural and Factual Background

In 1998, Plaintiff Lynne C. Renfro ("Plaintiff" or "Renfro") was hired by her stepfather,

Harold Nash, as general counsel for several companies he owned, including Erwin Care Centers

("Erwin").  Renfro was also a member of Erwin's Board of Directors from its inception in the spring

of 1999 to its bankruptcy in the spring of 2000.

From the fourth quarter of 1999 through the first quarter of 2000, Erwin had unpaid federal

employment taxes.  On February 14, 2000, Renfro sent the Internal Revenue Service ("IRS") two

cashier's checks, one for $281,005.61 to be paid only toward the trust fund taxes[1] for Erwin, and the

---

[1]An employer is required to withhold each employee's share of applicable federal taxes from that employee's wages. 26 U.S.C.§§ 3102 and 3402; *Barnett v. Internal Revenue Service*, 988 F.2d 1449, 1453 (5th Cir. 1993). The employer holds the withheld taxes in trust.  26 U.S.C. § 7501(a). The employer is required to pay the withheld taxes to the Government in quarterly intervals. *See Wood v. United States*, 808 F.2d 411, 414 (5th Cir. 1987).

other for $65,893.57 to be paid only toward the trust fund taxes for People's Nursing Facilities, Inc.[2]

On February 25, 2000, Renfro sent the IRS a cashier's check for $61,000 to be paid only toward the

trust fund taxes for Erwin.  Likewise, she sent the IRS cashier's checks with the same instructions

on the following days:  February 28, 2000 for $52,963.79; March 15, 2000 for $130,000 and

$20,000; and May 15, 2000 for $970.

On June 19, 2003, the IRS assessed a Trust Fund Recovery Penalty against Renfro under 26

U.S.C. § 6672 in the amounts of $388,574.20 for the last quarter of 1999 and $431,639.22 for the

first quarter of 2000. This statute holds an officer or employee of a corporation personally liable if

he or she willfully fails to pay taxes owed to the Government.  On November 14, 2003, the IRS sent

Renfro a Notice of Federal Tax Lien for Erwin's unpaid employment taxes for the fourth quarter of

1999 and the first quarter of 2000, for an unpaid balance of $824,606.80.  On February 11, 2004,

Mary Vance, an attorney acting on Renfro's behalf, sent the IRS two checks for $100 each as partial

payment toward the penalties assessed against Renfro.

On December 2, 2004, Plaintiff filed her Complaint against the United States of America

("Defendant or the "Government"), requesting a refund of the $200 she paid towards the Erwin tax

penalties and a determination that she is not a responsible person pursuant to 26 U.S.C. § 6672.  On

March 15, 2005, the Government filed the United States of America's Original Answer,

Counterclaim and Third Party Complaint.  As part of this document, the Government filed a

counterclaim against Plaintiff, seeking $824,538.80 for unpaid employment taxes under § 6672.[3]

---

[2]The check for People's Nursing Facilities listed the same Employee Identification Number as that for Erwin; Plaintiff argues it should have been applied to Erwin's trust fund taxes as well.

[3]The Government also filed a Third Party Complaint in the same amount against Harold Nash, the owner of Erwin Care Centers and Ms. Renfro's stepfather.  Mr. Nash passed away before the initiation of this lawsuit.

**Memorandum Opinion and Order - Page 2**

Renfro then filed her Motion for Final Summary Judgment, contending that she is not a "responsible person" within the meaning of § 6672.  She also contends that even if she were found responsible, she did not act "willfully" within the meaning of § 6672.  Finally, she contends that the amount of the Government's penalty assessment is wrong and should be dismissed, or, alternately, that the burden of showing the validity of the assessment has shifted to the Government.

## II.  Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere

conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.  Analysis

The court now addresses 26 U.S.C. § 6672, the dispositive statute regarding this motion. This statute states in part:

> (a) General rule.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . . .

"To be held liable under [§] 6672, a person must be deemed 'responsible' within the meaning of the statute, and must 'willfully' fail to remit the amounts due to the government." *Bugge v. United States*, 99 F.3d 740, 744 (5th Cir. 1996).  The Fifth Circuit "takes a broad view of who is a responsible person" under § 6672.  *Barnett v. IRS*, 988 F.2d 1449, 1454 (5th Cir.), *cert. denied*, 510 U.S. 990 (1993).  "Whether an individual is responsible under § 6672 for collecting, accounting for, or paying over employee withholding taxes is a question of duty, status, and authority." *Gustin v. United States*, 876 F.2d 485, 491 (5th Cir. 1989).  In finding a person responsible, "[t]he central question is whether an individual had the effective power to pay taxes." *Id.*  Six factors to consider in determining if someone is a responsible person are whether that person:

> (i) is an officer or member of the board of directors; (ii) owns a substantial amount of stock in the company; (iii) manages the day-to-day operations of the business; (iv) has the authority to hire or fire employees; (v) makes decisions as to the disbursement of funds and payment of creditors; and (vi) possesses the authority to sign company checks.

*Logal v. United States*, 195 F.3d 229, 232 (5th Cir. 1999) (quoting *Barnett*, 988 F.2d at 1455).

A "responsible person is liable under § 6672 only if his failure to pay the witholding taxes is willful."  *Logal*, 195 F.3d at 232.  Willfulness under the statute "requires only a voluntary, conscious, and intentional act, not a bad motive or evil intent." *Barnett*, 988 F.2d at 1457 (citations omitted); *see also Wood v. United States*, 808 F.2d 411, 415 (5th Cir. 1987).  Evidence that the responsible person paid other creditors knowing that withholding taxes were due at the time to the Government is one way to establish proof of willfulness.  *Gustin*, 876 F.2d at 492.  Further, in the case of individuals who are responsible persons "both before and after withholding tax liability accrues," there is "a duty to use unencumbered funds acquired after the withholding obligation

becomes payable to satisfy that obligation"; failure to do so when there is knowledge of the liability constitutes willfulness. *Barnett*, 988 F.2d at 1458 (quotation and citations omitted).  Willfulness under the statute also includes the "reckless disregard of a known or obvious risk that trust funds would not be paid over to the United States." *Gustin*, 876 F.2d at 492 (citations omitted).

"If the summary record is properly supported through a Form 4340, the assessment contained in that record is considered presumptively valid . . . ." *Stallard v. United States*, 12 F.3d 489, 493 (5th Cir. 1994).  In an assessment case, "once the government offers an assessment into evidence, the burden of proof is on the taxpayer to disprove his responsible-person status or willfulness." *Barnett*, 988 F.2d at 1453 (citations omitted).

Plaintiff requests summary judgment dismissal of Defendant's § 6672 counterclaim on the grounds that she was not a responsible person, that she did not act willfully, and that the assessment is erroneous. The court now addresses each of Renfro's arguments.

### A.  Responsible Person

Plaintiff sets forth evidence that could indicate she was not a responsible person for collecting, accounting for, or paying over Erwin's withholding taxes.  Her evidence indicates that she never was: (1) an interest owner in Erwin; (2) a manager of Erwin's day-to-day operations; (3) a person who made decisions as to the disbursement of funds and payment of creditors; or (4) a person authorized to act as a signatory on Erwin's bank accounts.  *See* Pl's Am. App. to its Am. Mot. for Summ. J.  Exs. 1-15, 27.  Defendant counters by bringing forth evidence suggesting that Plaintiff was an officer and member of the board of directors of Erwin, had the authority to determine which creditors were paid, and had the authority to pay taxes if she chose to do so.  *See* Govt's App. to Resp. & Br. in Opp'n to Pl's Mot. for Final Summ. J. 16, 18, 27, 35-43.

**Memorandum Opinion and Order - Page 6**

Moreover, the depositions of Alice Fluker, Erwin's Comptroller, and Beverly Lee, the IRS Officer, present conflicting evidence creating a genuine issue of material fact whether Plaintiff is a "responsible person"within the meaning of § 6672.  *See* Pl's App. Exs. 26, 27.  The conflicting evidence presented by the parties prevents the court from granting summary judgment on this issue, as a reasonable jury would have to weigh the evidence and make credibility determinations. Depending on how such matters were resolved, a reasonable jury could find for either side.

### B.  Willfulness

Plaintiff also sets forth evidence indicating that she did not "willfully" fail to pay Erwin's taxes.  Plaintiff's evidence shows that she did not know of the tax liabilities until February 2000, but once she learned of the unpaid taxes she immediately sent all of Erwin's available funds to the IRS. See Pl's App. Exs. 1, 3-5, 11, 16-21.  The Government's evidence indicates that Plaintiff knew that Erwin paid its employees their wages after she found out about the delinquent taxes, and because of such knowledge by Plaintiff, the Government contends that she willfully failed to pay such taxes. *See* Govt's App. 33.  Because a genuine issue of material fact exists whether Plaintiff willfully failed to pay Erwin's delinquent taxes, the court declines to grant summary judgment in favor of Renfro.

### C.  Fourth Quarter 1999 Assessment

Plaintiff alleges that the amount of the tax liability assessment is incorrect as a matter of law. She has produced evidence in support of her allegation that the allocation of payments toward the trust fund taxes for the fourth quarter of 1999 is erroneous.  Since Plaintiff has failed, as a matter of law, to disprove her responsible-person status or willfulness, the court need not address her contention that the assessment was erroneous and arbitrary.

**Memorandum Opinion and Order - Page 7**

**IV.  Conclusion**

For the reasons stated herein, a genuine issue of material fact exists as to the Defendant's 26 U.S.C. § 6672 claim.   Accordingly,  the  court  **denies** Plaintiff's  Motion  for  Final  Summary Judgment.

**It is so ordered** this 19th day of July, 2006.

Sam A. Lindsay
United States District Judge